UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUDY GARCIA,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>**Commissioner of the Social**<br>**Security Administration,**<br><br>        Defendant. | Case No. EDCV 10-1202 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to the disputed issue(s).

**Administrative Proceedings**

Plaintiff filed an application for SSI benefits on August 22, 2007 alleging disability since 1998 due to bipolar disorder, chronic low back pain and spasms, and diabetes mellitus. [JS 2]. In a January 21, 2010 written hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge (the "ALJ") found that plaintiff retained the residual functional capacity ("RFC") for a restricted range of light work. The ALJ concluded that plaintiff was not disabled because her RFC did not preclude her from performing jobs that exist in significant numbers in the national economy. [JS 2; Administrative

Record ("AR") 14-24].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

**RFC assessment and step five finding**

Plaintiff's contentions are interrelated. She contends that the ALJ erroneously omitted from his RFC finding certain limitations assessed by the consultative psychological examiner, Mark D. Pierce, Ph.D, whose opinion the ALJ credited. Plaintiff argues that the improper formulation of plaintiff's RFC led the ALJ to pose incomplete hypothetical questions to the vocational expert and to erroneously find that plaintiff can perform the alternative jobs of cleaner, hand packager, and garment sorter.[JS 3-17].

Dr. Pierce conducted a psychological evaluation of plaintiff at the Commissioner's request on October 14, 2009. [AR 355-365]. He elicited a history, reviewed medical records, conducted a mental status examination, and administered several psychological tests (the Rey 15-Item Test, Test of Malingered Memory, Wechsler Adult Intelligence Scale-III, Trails A and B, Wechsler Memory Scale-III, and the Minnesota Multiphasic Personality Inventory, Second Edition). Dr. Pierce described plaintiff as a historian of doubtful reliability who "dramatically under-performs with most administered testing." [AR 355]. Dr. Pierce diagnosed "bipolar disorder (by history and per labile presentation today, currently untreated, as she is between treating sources as described)" and "malingering (feigning of cognitive and psychiatric disability

strongly suspected throughout today's lackluster testing and interview performance)." [AR 360]. Dr. Pierce also found that plaintiff had "borderline intellectual functioning (minimally estimated, claimant dramatically underperforms with the majority of testing today)." [AR 361].

In what he described as a conservative assessment given plaintiff's lack of motivation and under-performance on testing, Dr. Pierce concluded that plaintiff could complete "simple and repetitive vocational skills" and "adapt[] to minimal changes in the work environment," but "would appear to show difficulty working effectively with others, due to the selective non-cooperation seen today and per records review historically." [AR 361]. Dr. Pierce also opined that plaintiff "can remember and comply with simple one and two part instructions" and concentrate adequately for a regular, full-time work schedule. [AR 361].

The ALJ said that Dr. Pierce's opinion was "supported by the other objective evidence of record and is consistent with the other findings herein," and he said that he was giving that opinion "great weight." [AR 22]. The ALJ found that plaintiff had nonexertional mental limitations restricting her to "work involving simple repetitive tasks in a non-public setting" and that she "is precluded from work requiring hyper-vigilance or involving responsibility for the safety of others." [AR 18]. Plaintiff argues that the ALJ improperly omitted from his RFC finding Dr. Pierce's limitations to tasks involving simple one and two part instructions and plaintiff's difficulty working effectively with others.

Plaintiff's argument lacks merit. Dr. Pierce concluded that plaintiff could perform "simple and repetitive vocational skills" [AR 361], which the ALJ permissibly interpreted as a limitation to "work involving simple repetitive tasks." [AR 18]. Dr. Pierce also said that plaintiff could remember and comply with "simple one and two part instructions," but the ALJ did not include that specific limitation in his RFC finding. Any error in the ALJ's omission of that limitation from his RFC finding was harmless because plaintiff has not met her burden to show resulting prejudice, nor do the "circumstances of the case show a substantial likelihood of prejudice" warranting a remand for further administrative review. See McLeod v. Astrue, — F.3d —, 2011 WL 1886355, *4-*5 (9th Cir. 2011) (holding that the harmless error rule articulated in Shinseki v. Sanders, — U.S. —, 129 S.Ct. 1696 (2009) applies in social security disability cases).

Based on the vocational expert's hearing testimony, the ALJ found that plaintiff's RFC enabled her to perform the job of cleaner as defined by the Dictionary of Occupational Titles ("DOT"), occupational

1 code number 323.687-014, and that approximately 200,000 such positions exist in the national economy.[1] [See AR 23-24, 398]. The DOT states that the job of cleaner, housekeeping requires "Level 1" reasoning development, which means the ability to "apply commonsense understanding to carry out *simple one- or two-step instructions*. Deal with standardized situation with occasional or no variable in or from these situations encountered on the job." (Italics added.) See DOT, U. S. Department of Labor, Appendix C, Components of the Definition Trailer (4th ed. rev.1991) ("DOT, Appendix C").[2] Thus, even if the ALJ erred in omitting from his RFC finding a restriction to simple one or two part instructions, he identified a job existing in significant numbers that plaintiff could perform consistent with that limitation and the additional limitations in his RFC finding.[3]

Plaintiff also contends that the ALJ's RFC finding does not adequately account for Dr. Pierce's conclusion that plaintiff would "appear to show difficulty working effectively with others, due to the selective non-cooperation" she displayed during the examination. [AR 361] The ALJ interpreted that aspect of Dr. Pierce's opinion as a limitation to work in a "non-public" setting. [AR 18]. In light of Dr. Pierce's

---

[1] The title of the job in the DOT is "cleaner, housekeeping" and the first three digits of the occupational code indicates that it falls within the occupational groups "Service Occupations," "Lodging and Related Service Occupations," and "Housecleaners, Hotels, Restaurants, and Related Establishments."

[2] All DOT jobs classifications include a "General Educational Development" ("GED") component. The GED

> embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained in elementary school, high school, or college.

DOT, Appendix C. Thus, the GED component defines the general educational attainment required to perform the job, rather than specific job prerequisites or job skills. The GED component consists of three scales: Reasoning Development, Math Development, and Language Development. The reasoning, math, and language development scales range from Level 1 (low) to Level 6 (high).See DOT, Appendix C.

[3] The other two jobs identified by the vocational expert, hand packager, DOT occupational code number 920.587-018, and garment sorter, DOT occupational code number 232.687-014, require Level 2 reasoning development, which is defined as the ability to use "common sense" to comply with "detailed but uninvolved instructions." DOT, Appendix C.

4

conclusion that plaintiff was "selectively" uncooperative, demonstrated "consistently challenged motivation" during the examination, and was malingering, the ALJ's interpretation was not only reasonable, but generous to plaintiff. Accordingly, the ALJ did not err in limiting plaintiff to work in a "non-public" setting. Furthermore, there is no basis in Dr. Pierce's report or in the ALJ's decision for concluding that by "non-public" the ALJ meant that plaintiff was precluded from *any* public contact whatsoever.

The vocational expert testified that a person limited to work in a "non-public" setting who had the other limitations posited by the ALJ could perform the jobs of cleaner, garment sorter, and hand-packager. The job of cleaner, housekeeping as defined by the DOT is consistent with a limitation to work in a non-public setting because it does not involve a significant degree of relating to or interacting with people, whether coworkers or the general public. This is reflected in the occupational code itself. The fourth, fifth, and sixth digits of every DOT occupational code are "Worker Function" codes, which refer to how a worker functions in that job with respect to "Data," "People," and "Things," respectively. "These digits express a job's relationship to Data, People, and Things by identifying the highest appropriate function in each listing" and indicating whether the relationship is significant or not significant. DOT, U.S. Department of Labor, Appendix B, "Explanation of Data, People, and Things" (4th ed. rev. 1991) ("DOT, Appendix B").

The fifth digit of the occupational code of "cleaner, housekeeping" is an "8," which denotes "taking instructions-helping" people. "Taking instructions-helping" is defined as "[a]ttending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.) Helping applies to 'non-learning' helpers.'" DOT, Appendix B. The level of taking instructions and helping people in the job of cleaner is "not significant." This "not significant" rating subsumes any less complex relationships with people and excludes any more complex relationships. See DOT, Appendix B.

Therefore, the ALJ did not err in finding that plaintiff could perform the DOT job of "cleaner, housekeeping" with a limitation to non-public work.

///

///

///

Any error in the ALJ's formulation of plaintiff's RFC was harmless because the ALJ permissibly found that plaintiff retains the RFC to perform the job of "cleaner, housekeeper," which exists in significant numbers. See McLeod, — F.3d at —, 2011 WL 1886355, at *5 ("[W]here harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate.") (internal quotation marks and footnote omitted). Even if the other two jobs identified by the ALJ exceed plaintiff's RFC for work involving simple one and two step instructions, as plaintiff contends, the ALJ's finding of non-disability at step five was supported by substantial evidence and is free of legal error.

**Conclusion**

For the reasons described above, the Commissioner's decision is **affirmed.**

June 1, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge